JOHN L. ANDERSON v. JAMES H. STEWART and Another.[1]

May 22, 1908.

Nos. 15,667—(142).

Action in the municipal court of Minneapolis to recover $160 for services rendered as a real estate broker. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Ayers & McDonald*, for appellants.

*Chas. E. Bond* and *J. LeRoy Smith*, for respondent.

PER CURIAM.

The trial court found the following facts: Defendants, as agents for the sale of certain described lands, authorized and employed plaintiff to procure a purchaser therefor and agreed to pay him for such services the sum of $160 when the sale of such land to such purchaser procured by him should be complete. Through plaintiff's efforts, and as a result of consequent negotiations, one of the defendants and a third person entered into a valid and enforceable contract with one Johnson by the terms of which the defendant and the third person agreed to sell the land to Johnson, and Johnson agreed to purchase it at the same price and upon the terms set forth in the contract. Johnson did not perform the terms of that contract. Defendants did not attempt to enforce the contract against him. It did not appear that the contract could not have been enforced. Thereafter and before the commencement of this action, the land was conveyed to Johnson for a consideration and on terms not disclosed. Judgment was thereupon ordered for the plaintiffs in the sum of $160 with interest.

The essential question is whether the evidence justified the findings of fact. Plaintiff's testimony that he was to receive his money "when the deals were closed," "when the papers were passed," was consistent with the conclusion of the trial court that plaintiff became entitled to his money when the purchaser procured by plaintiff was produced to and accepted by the defendants and when the written contract was executed between these parties. The deal was then closed and papers had then passed. It is true that plaintiff, in response to an argumentative question, assigned as a reason for his claim for a commission not that Johnson had signed a contract, but that there had been a transfer of title to him and a payment of money by him. This was bad legal reasoning and not affirmative testimony as to what the agreement for plaintiff's compensation actually was. In no reasonable view was it con-

[1] Reported in 116 N. W. 1133.

trolling. Examination of the evidence as a whole has satisfied us that it justified the findings of fact of the trial court within the familiar rule on that subject. There is no actual similarity between the commission agreement in this case and that in Van Norman v. Fitchette, 100 Minn. 145, 149.

Affirmed.